**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4924

JAMES HARRISON SINGLETARY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-98-240)

Submitted: June 29, 1999

Decided: August 2, 1999

Before WIDENER and WILKINS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William F. Nettles, IV, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Alfred W. Bethea, Jr., Assistant United States Attorney, Florence,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Harrison Singletary appeals from a 216-month sentence imposed following his guilty plea for being a felon in possession of a weapon, 18 U.S.C.A. § 922(g)(1) and § 924(e) (West Supp. 1999). He claims that the district court erred when it sentenced him as an armed career criminal. We have reviewed the record and find no reversible error. Singletary concedes on appeal that his two prior convictions for escape and manslaughter qualified as predicate offenses for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C.A. § 924(e). The district court properly found that Singletary's South Carolina conviction for possession with the intent to distribute a controlled substance was a predicate offense for purposes of the ACCA because it is a serious drug offense punishable by a maximum term of imprisonment of ten years. See S.C. Code Ann. § 44-53-370(b) (West Supp. 1997). Thus, Singletary was properly sentenced as an armed career criminal on the basis of these three predicate offenses.

Because we find no error in the district court's determination that the drug offense qualified as a predicate conviction, we decline to address Singletary's other contention that the district court erred in finding that his two South Carolina convictions for failure to stop for a signaling law enforcement vehicle were violent felonies. We further grant Singletary's motion to file a supplemental pro se brief but find no meritorious arguments in that brief.* We therefore affirm Singletary's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

_____
*We find that Singletary's ineffective assistance of counsel claims are not cognizable on direct appeal. See United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994).

2